**TANNER, Plaintiff-Appellant, v. HUNTINGTON NATIONAL BANK, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3881. Decided October 26, 1946.

Dean R. Richmond and John R. Tanner, London, for Plaintiff-Appellant.

Luther L. Boger, Columbus, for Defendant-Appellee.

SHERICK, P. J., PUTNAM and MONTGOMERY, JJ., of the Fifth District, sitting by designation.

522

**OPINION**

By THE COURT:

After reading the pleadings, record, briefs, authorities cited and examined, the transcript, and the opinion of Judge Barnes speaking for the Court upon the first review of this cause, it becomes apparent that retrial was had on practically the same evidence as was presented in the first trial, with the one exception of plaintiff's Exhibit "C," the Tanner letter to Urlin, which the trial Court excluded on retrial upon the direction of the Second District.

There was no change or amendment in plaintiff's cause of action, which was and is grounded on a verbal contract. The Second District held that the Tanner letter was a self-serving declaration, and that without that letter as a part of plaintiff's case, that plaintiff had failed to prove the existence of any such contract. We fully agree with that Court's conclusion and are of opinion that Judge Randall was right in directing a verdict for defendant in so doing. We see no need of further comment up to this point.

Appellant in this review urges upon this Court, a trial theory of his cause, which it is said the three prior Courts failed to consider. It is insisted that even if an oral contract was not proven, that plaintiff did fully prove a joint adventure; that amendment of his pleading was not necessary, because joint adventure is some way embraced within the pleading of an oral agreement in this case. In a certain respect this is true. We are given certain definitions, and unique arguments wherein these two theories as the basis of a right to recovery differ. The real points of dissimilarity of course actually exist between partnership and joint adventure. Plaintiff did not claim partnership but rested his cause on a verbal contract, which must be the basis of recovery on either the theory of contract or joint adventure. Appellant says the facts proven create the presumption that an implied contract did exist between the parties. We think this is hardly true. As we view the proven facts, the matter of entering into an implied verbal contract, leaves the matter in equipoise. The

plaintiff bore the burden of proving that such a contract did exist. Joint adventure is predicated on contract, and insistence upon that theory cannot dispense with proof of the existence of a contract even if other matters may be left to inference or presumption. Plaintiff having failed to prove the contract's existence, it follows that the judgment entered on the verdict must be affirmed.

SHERICK, PJ, PUTNAM and MONTGOMERY, JJ, concur.